UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-160<br>REF: CA 06-3748 |
| JACOB LEWIS | SECTION "L" |

### ORDER AND REASONS

Pending before the Court is the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Rec. Doc. 315).

### I.  BACKGROUND

On May 28, 2004, a federal grand jury returned a six count Indictment as to Jacob Lewis ("Petitioner") and seven co-defendants related to a cocaine hydrochloride and cocaine base ("crack") conspiracy.  The Indictment charged the Petitioner with conspiracy to distribute, and possess with the intent to distribute, fifty grams or more of crack and five kilograms or more of cocaine hydrochloride (Count One); two counts of distribution of five hundred grams or more of cocaine hydrochloride (Counts Two and Three); and one count of distribution of a quantity of cocaine hydrochloride (Count Four) in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)-(C), and 846.  *See* Rec. Doc. 1.

On March 30, 2005, pursuant to a plea agreement, the Petitioner pled guilty to Count One of the Indictment.  In the Factual Basis executed in connection with the Petitioner's plea agreement, the Government and the Petitioner agreed and stipulated that the amount of cocaine

1

he distributed and possessed with intent to distribute for sentencing purposes was at least 1,500 grams of crack and 15 kilograms of cocaine hydrochloride.  The Factual Basis detailed that when his co-conspirator Mosley would receive multiple kilograms of cocaine hydrochloride, the Petitioner would often convert amounts of the cocaine hydrochloride to crack prior to helping Mosley distribute both forms of the drug to others.

On July 6, 2005, the Court sentenced the Petitioner to 210 months imprisonment as to Count One with a five year term of supervised release to follow.  The Petitioner did not file a notice of appeal.

In the plea agreement, the Petitioner agreed to waive both his right to appeal his sentence and his right to contest his sentence in any post-conviction proceeding.  *See* Rec. Doc. 133.  Nevertheless, on July 5, 2006, the Petitioner filed the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The Petitioner raises two grounds for relief in his motion.  His first claim is that his right to effective assistance of counsel was violated by his counsel's advising him to stipulate to being responsible for at least 1,500 grams of crack for sentencing purposes when there was no factual basis to support that amount and by his counsel's failure to explain how that amount of crack would impact the sentencing guidelines.  The Petitioner's second claim is that his counsel was ineffective for not arguing that the 100 to 1 disparity in the statutory and sentencing guideline penalties for crack verses cocaine hydrochloride formed a basis for downward departure.

On July 17, 2006, the Petitioner supplemented his motion by filing a copy of the Indictment in this case.

## II.  LAW AND ANALYSIS

### A.  Evidentiary Hearing

An evidentiary hearing is not required on a motion to set aside a sentence if it appears conclusively from the record that the Petitioner is not entitled to relief.  *See Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991). Based upon a review of the entire record, it is the opinion of the Court that the motion filed by the Petitioner can be addressed without an evidentiary hearing.

### B.  28 U.S.C. § 2255

In *United States v. Wilkes*, the United States Court of Appeals for the Fifth Circuit held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." 20 F.3d 651, 653 (5th Cir. 1994).  The Fifth Circuit has noted, however, that ineffective assistance of counsel claims survive a waiver if "the claimed assistance directly affected the validity of [the] waiver or the plea itself."  *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

The relevant portion of the plea agreement provides as follows:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.  The defendant, however, reserves the right to appeal the following:  (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

*See* Rec. Doc. 133.  In his petition, the Petitioner asserts that he "waived plea with exception to ineffective assistance of counsel."  *See* Rec Doc. 315.  Presumably, the

3

Petitioner means to argue that he reserved the right to bring an ineffective assistance of counsel claim.  The plain language of the plea agreement refutes this argument; it is clear that the Petitioner waived this right.

In this case, there is no dispute that the Petitioner's guilty plea and accompanying waiver of post-conviction relief were informed and voluntary.  At the rearraignment proceeding, the Court fully advised the Petitioner of the nature of the charges, the elements the government was required to prove in order to convict him, the rights he was giving up by pleading guilty, and the penalties he faced as a result of the charges.  The Petitioner indicated to the Court that he was voluntarily pleading guilty, and this testimony "carries a strong presumption of verity."  *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994).

Moreover, it is also clear that the claimed ineffective assistance did not directly affect the validity of the waiver itself.  Rather, the Petitioner argues that his counsel should have negotiated a stipulation involving a lesser amount of crack and should have advocated for a downward departure based on the crack/cocaine hydrochloride disparity.  In the plea agreement, the Petitioner waived his right to bring these post-conviction claims.  Accordingly, IT IS ORDERED that the Petitioner's motion is DENIED.

New Orleans, Louisiana, this   15th   day of    September   , 2006.

_____
UNITED STATES DISTRICT JUDGE